IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br> v.<br><br>IRVIN ALBERT,<br><br>   Defendant.        / | No. CR 04-40044 CW<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION UNDER § 3582(c)(2) |

  Defendant Irvin Albert seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 based on the Sentencing Commission's recent amendment to U.S.S.G. § 2D1.1 which lowered the offense levels applicable to cocaine base offenses. Plaintiff opposes the motion.  The motion was heard on December 2, 2009.  Having considered oral argument and all the papers filed by the parties, the Court DENIES Defendant's motion.

BACKGROUND

  On October 7, 2005, Defendant Irvin Albert plead guilty to violating 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), (b)(1)(B)(iii) and 18 U.S.C. § 2, possession with intent to distribute a mixture and substance containing cocaine base and aiding and abetting.  At the sentencing hearing on March 20, 2006, the Court noted that the Probation Office found that Defendant's total offense level was

thirty-four and that his Criminal History Category was VI. However, based on a Rule 11(c)(1)(C) plea agreement and 18 U.S.C. § 3553, the Court imposed a sentence outside the guidelines. The Court used an offense level of thirty-three and a Criminal History Category of III, resulting in a guideline range of 168-210 months. A sentence within that range would have been consistent with the plea agreement. Based on the probation officer's recommendation, the Court sentenced Defendant to 168 months in custody.

## DISCUSSION

I. Reduction of Sentence Under 18 U.S.C. § 3582(c)(2)

Title 18 U.S.C. § 3582(c)(2) provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Commission . . . the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent applicable if such reduction is consistent with the applicable policy statement of the Sentencing Commission.

Whether to grant such a reduction lies within the discretion of the court. United States v. Ragland, 568 F. Supp. 2d 19, 21 (D.D.C. 2008). In determining whether, and to what extent, such a reduction in a defendant's term of imprisonment is warranted, the court shall determine the amended guideline range and apply it as if it had been in effect at the time the defendant was sentenced. Id. (citing U.S.S.G. § 1B1.10(b)(1)).

United States Sentencing Guideline § 1B1.10 provides that, where the guideline range applicable to a defendant has subsequently been lowered as a result of an amendment to the Guidelines listed in U.S.S.G. § 1B1.10(c), a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C.

2

§ 3582(c)(2). However, if none of the amendments apply, a reduction in a defendant's sentence is not authorized.

At issue is Amendment 706, the 2007 amendment to the Sentencing Guidelines which lowered the penalties for most crack cocaine offenses by two levels. See U.S.S.G. App. C, Supp. Amend. 706, U.S.S.G. § 2D1.1. The parties agree that this amendment applies retroactively. Defendant argues that the sentencing range for his drug offense is now 135 to 168 months and, thus, his sentence should be reduced to 135 months.

Citing Federal Rule of Criminal Procedure 11(c)(1)(C), Plaintiff responds that Defendant's sentence should not be reduced because it was based on the parties' express stipulation in the plea agreement, and not on the guideline range. The language of Rule 11(c)(1)(C) provides that the parties' stipulation to a specific sentence or sentencing range in a plea agreement binds the court once the court accepts the plea agreement.

The parties cite no Ninth Circuit decisions addressing whether a sentence resulting from a Rule 11(c)(1)(C) plea agreement may be reduced pursuant to § 3582(c)(2).

In United States v. Pacheco-Navarette, 432 F.3d 967, 971 (9th Cir. 2005), the court addressed a challenge, under United States v. Booker, 543 U.S. 220 (2005)(holding that Sentencing Guidelines are advisory), and United States v. Ameline, 409 F.3d 1073, 1074 (9th Cir. 2005)(providing procedure for Booker challenges), to a sentence which upwardly departed from the Sentencing Guidelines but was stipulated in a Rule 11(c)(1)(C) plea agreement. The court stated that, under Federal Rule of Criminal Procedure 11(c)(1)(C), "the district court is not permitted to deviate from the sentences

3

stipulated in such agreements." Id. at 971.  The court stated that the fact that "the plea agreements stipulated (and the district court evaluated) upward departures is inapposite because the stipulated sentences were not based on the Guidelines . . . . A sentence imposed under a Rule 11(c)(1)(C) plea arises directly from the agreement itself, not from the Guidelines . . .  As Booker is concerned with sentences arising under the Guidelines, it is inapplicable in this situation."  Id. (citing United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005)).  In United States v. Bride, 2008 WL 2782688, *2 (W.D. Wash.), the district court applied this reasoning to a § 3582(c)(2) challenge to a sentence imposed under a Rule 11(c)(1)(C) plea agreement, holding that such a sentence may not be reduced, because it arises from the agreement itself, not from the Guidelines.  See also United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996) (district court must dismiss without considering the merits of § 3583(c)(2) motion to reduce sentence based on a valid Rule 11(c)(1)(C) plea agreement); United States v. Madden, 2008 WL 4933982, *1 (W.D. Wash.) (same).

Although the parties' decision to reach the plea agreement may have been influenced by their understanding of the applicable guidelines, it may have been influenced by many other factors.  The Court accepted the agreement and it is not clear that the Court could deviate from it now.

Further, even if the Court had the discretion to reduce Defendant's sentence, it would not do so.  The Court recognizes that Defendant's conduct while incarcerated has been commendable; Defendant has proven his commitment to improving his education and acquiring the skills that will serve him well upon release.

4

Nonetheless, the Court finds that the original sentence was the correct one.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motions under § 3582(c)(2) to reduce his sentence.

IT IS SO ORDERED.

Dated: 01/12/10

*Claudia Wilken*
CLAUDIA WILKEN
United States District Judge

5